**FAIRFIELD COUNTY, JANUARY TERM, A. D. 1792.**

HILLYARD v. NICHOLS.

A court of chancery will go, over the head of an award to relieve against a fraud, which defeats all benefit from the award.

PETITION in ·chancery; complaining, among a variety of other matters and things, that he purchased a certain bond of Daniel Pendleton, which said Nichols gave him; therein acknowledging that he had received nine Virginia land warrants, of 1,000 acres each, to survey and locate in Virginia; also £25 13s. in money, to pay the fees and expenses; and therein said Nichols bound himself to have said warrants located and surveyed, and to bring to said Pendleton a certificate thereof from the land office, or to return said warrants; about which a dispute arose between the petitioner and said Nichols; which they submitted to arbitration, that said Nichols testified before said arbitration that said land warrants were ready for said Pendleton or his order, at the land office in Virginia; and that he had expended all the money he received of said Pendleton in his service except £9 which he had ready for him.

Upon which said arbitrators awarded the petitioner to deliver up to said Nichols his bond that he bought of said Pendleton, which he accordingly did; 'and that the said Nichols about the ·time of said submission and award, and wholly· unknown to the petitioner, sent his son Austin to one Wood who held the land office in Virginia, and with whom said Nichols had left said land warrants unlocated, and to whom he had agreed to give forty-eight shillings per right over the legal fees; and authorized and directed him to make an assignment of said rights in Pendleton's name, so as to prevent the petitioner from ever having any benefit from them; ·which was accordingly done, and the petitioner has lost all benefit of said land warrants, by the fraudulent procurement of said Nichols, and praying for a remedy in the premises.

A plea in abatement was made and heard in January A. D. 1791, and judgment that said petition abate as to all the matters set forth except two. The claim for the land war-

rants bought of Pendleton was one. For the fraud complained of as to them was not submitted, nor considered by said arbitrators, but was practiced to defeat the petitioner of the benefit of said award, and as said bond was delivered up the petitioner had not an adequate remedy at law.

Upon hearing the petition on the merits, the court decreed that said Nichols pay the petitioner the sum of £     lawful money, the value of said land warrants and the cost. The other matter excepted out of the abatement, was also heard upon the merits, and found not to be supported.